■ ROSLYN SAVINGS BANK, Appellant, v MURIEL SIEBERT, as Superintendent of Banks of the State of New York, et al., Respondents. — By order dated March 23, 1981, this court dismissed as academic an appeal by plaintiff from an order of the Supreme Court, Nassau County, dated August 11, 1980, which, *inter alia,* denied its motion for summary judgment and granted defendants' cross motions for summary judgment, after it had been disclosed that defendant Sunnyside Savings and Loan Association had obtained a Federal charter during the pendency of the proceeding. Plaintiff subsequently moved to amend the decision and order of this court and for reargument of the appeal. By order dated April 15, 1981, this court granted plaintiff's motion insofar as it sought reargument of the appeal and held in abeyance plaintiff's motion insofar as it sought to amend this court's decision and order. Motion insofar as it seeks to amend this court's decision and order, both dated March 23, 1981, is granted to the extent that the decision and order of this court in the above-entitled case are recalled and vacated, and the following decision is substituted therefor: In an action, *inter alia,* to declare Supervisory Policy G 6 of the New York State Banking Board invalid and unconstitutional, plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated August 11, 1980, which, *inter alia,* denied its motion for summary judgment and granted defendants' cross motions for summary judgment. Order modified, on the law, by deleting that part of the order granting defendants' cross motions for summary judgment and substituting therefor a provision denying defendants' cross motions

for summary judgment. As so modified, order affirmed, with $50 costs and disbursements payable jointly to plaintiff by defendants appearing separately and filing separate briefs. The conversion of defendant Sunnyside Savings and Loan Association from a State chartered bank to a Federally chartered thrift institution (see US Code, tit 12, § 1464, subd [a], par [1]; 12 CFR 543.8-543.12) does not render the instant appeal academic. Although Federal thrift institutions are governed solely by Federal law (see US Code, tit, 12, § 1461 *et seq.; Rettig v Arlington Hgts. Fed. Sav. & Loan Assn.,* 405 F Supp 819; *Lyons Sav. & Loan Assn. v Federal Home Loan Bank Bd.,* 377 F Supp 11), Sunnyside's conversion occurred prior to a final determination by the State courts as to whether Sunnyside's East Hills branch was established pursuant to a valid and constitutional State banking regulation. If it is finally determined that branching regulation G 6 (3 NYCRR Supervisory Policy G 6, since amd) was invalid or unconstitutional, the East Hills branch would not have been validly created pursuant to State law and the Federal Home Loan Bank Board could revoke its approval of Sunnyside's conversion with respect to that branch (see *Elm Grove Sav. & Loan Assn. v Federal Home Loan Bank Bd.,* 391 F Supp 1041). Summary judgment is not appropriate in this case since questions of fact exist as to whether the failure of the State Banking Board's branching policy G 6 to consider competing Federal thrift institutions in determining whether a branch application would result in unsound and destructive competition violates section 10 of the Banking Law and/or is unconstitutional. A trial is necessary to resolve these questions. Hopkins, J.P., Titone, Lazer and Cohalan, JJ., concur.